1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NEIL A. JOHNSON,                     No.  2:15-cv-1259-MCE-EFB P

12              Plaintiff,

13        v.                              ORDER GRANTING IFP AND DISMISSING
                                          COMPLAINT WITH LEAVE TO AMEND
14   STATE OF CALIFORNIA,                 PURSUANT TO 28 U.S.C. § 1915A

15              Defendant.

16

17        Plaintiff is a county inmate proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915 and a request for appointment of counsel.

20   **I.     Request to Proceed In Forma Pauperis**

21        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   **II.    Request for Appointment of Counsel**

26        Plaintiff requests that the court appoint counsel.  District courts lack authority to require

27   counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist.*

28   *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

1

1   to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

2   F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

3   When determining whether "exceptional circumstances" exist, the court must consider the

4   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

5   se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970

6   (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional

7   circumstances in this case.

8   **III.      Requirement and Standards**

9          Federal courts must engage in a preliminary screening of cases in which prisoners seek

10   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

11   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

12   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

13   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

14   relief."  *Id.* § 1915A(b).

15          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

16   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

17   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

18   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

19   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

21   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

22   U.S. 662, 679 (2009).

23          To avoid dismissal for failure to state a claim a complaint must contain more than "naked

24   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

25   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

26   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

27   678.

28   /////

2

1   Furthermore, a claim upon which the court can grant relief must have facial plausibility.

2   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

3   content that allows the court to draw the reasonable inference that the defendant is liable for the

4   misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

5   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

6   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

7   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

8   **IV.   Screening Order**

9   The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the

10   allegations are too vague and conclusory to state a cognizable claim for relief.  The complaint

11   names the State of California as the sole defendant, and the allegations consist of the following:

12
13   The State of California has failed to provide me with proper medical care, and
      most recently on 06-02-2015 "ran out" of my medication for full blown AIDS
      while serving time in Wayn[] Brown Correctional Facility in Nevada County
14   California.  This is gross negligence to say the least.

15   ECF No. 1.  Plaintiff's intention appears to be to assert an Eighth Amendment claim of deliberate

16   indifference to medical needs against the State of California.  However, such a claim cannot be

17   asserted based only on negligence.  Plaintiff has not pleaded sufficient facts to state a claim for

18   deliberate indifference under the Eighth Amendment under the applicable standards discussed

19   below.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

20   notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

21   *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

22   particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  Because

23   plaintiff fails to state a claim for relief, the complaint must be dismissed.

24   Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable

25   legal theory against a proper defendant and sufficient facts in support of that cognizable legal

26   theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must

27   afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

28   Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

3

1  forth the claims and allegations against each defendant.  Any amended complaint must cure the

2  deficiencies identified above and also adhere to the following requirements:

3  　　　　Any amended complaint must identify as a defendant only persons who personally

4  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

5  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

6  constitutional right if he does an act, participates in another's act or omits to perform an act he is

7  legally required to do that causes the alleged deprivation).

8  　　　　It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

9  　　　　Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

10  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

11  　　　　Any amended complaint must be written or typed so that it so that it is complete in itself

12  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

13  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

14  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

15  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

16  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

17  1967)).

18  　　　　The court cautions plaintiff that failure to comply with the Federal Rules of Civil

19  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

20  *See* E.D. Cal. L.R. 110.

21  　　　　In addition, the court notes that the following legal standards may apply to plaintiff's

22  intended claim for relief.

23  　　　　To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

24  constitutional or statutory right; and (2) that the violation was committed by a person acting under

25  the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

26  930, 934 (9th Cir. 2002).

27  　　　　An individual defendant is not liable on a civil rights claim unless the facts establish the

28  defendant's personal involvement in the constitutional deprivation or a causal connection between

4

the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979). *See also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate

altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

**V.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted.

2.    Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sheriff of Nevada County filed concurrently herewith.

3.    Plaintiff's request for appointment of counsel (ECF No. 4) is denied without prejudice.

4.    The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  January 27, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE